IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO. 1:97-cr-00011-MP-AK

RODERICK LEANDER DAWSON,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 507, a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), filed by the defendant, Roderick Leander Dawson. The Court previously held that Defendant is not entitled to a reduced sentence under § 3582(c)(2) as a result of Amendments 706 and 711 to the United States Sentencing Guidelines ("Guidelines"), which lowered by two levels the Base Offense Level assigned to each threshold quantity of cocaine base listed in the Drug Quantity Table in U.S.S.G. § 2D1.1. See Docs. 489 and 492. Defendant then filed an untimely appeal, which the Eleventh Circuit dismissed. This matter having already been considered, the Court construes Defendant's motion as a motion for reconsideration under Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court will grant the motion for reconsideration, vacate its order denying Defendant's motion for a reduced sentence, and lower Defendant's sentence on counts one and two to concurrent terms of 168 months' imprisonment.

At Defendant's original sentencing, the Court found Defendant responsible for 666.5 grams of cocaine base, which gave Defendant a Base Offense Level of 36. The Court then added

enhancements for possessing a dangerous weapon (two points), having an organizational and leadership role (four points), and obstructing justice (two points). The Court also subtracted three points for Defendant's acceptance of responsibility, resulting in a Total Offense Level of 41. On limited remand, however, the Court eliminated the two-point enhancement for obstruction of justice and reduced the amount of drugs for which Defendant was responsible by 191 grams to 475.5 grams. Doc. 314.

As Defendant correctly points out in his motion, the Court's denial of his motion for a reduced sentence was based on the erroneous presupposition that Defendant was still responsible for 666.5 grams of cocaine base. Because Defendant was in fact held responsible for only 475.5 grams of cocaine base, Defendant's Base Offense Level is 32. Guidelines § 2D1.1(c)(4). After adding in Defendant's enhancements for possessing a dangerous weapon (two points) and having an organizational and leadership role (four points), and after subtracting three points for Defendant's acceptance of responsibility, Defendant's Total Offense Level is 35. Defendant falls into Criminal History Category I. Therefore, the recommended sentencing range for Defendant under the amended Guidelines is 168-210 months. Because the amendments to the Guidelines had the effect of lowering the recommended sentencing range for Defendant, the Court has the discretion to grant or deny Defendant's motion for a reduced sentence under § 3582(c)(2). Upon consideration, the Court finds that a reduction in Defendant's sentence to a total term of 168 months' imprisonment, which, like Defendant's original sentence, is on the

lower end of the suggested Guidelines range, is warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's motion for reconsideration (Doc. 507) is GRANTED.

2. The Court's May 9, 2008, order denying Defendant's motion for a reduced sentence (Doc. 489) is VACATED, and Defendant's motion for a reduced sentence (Doc. 488) is GRANTED.

3. The sentence imposed upon the defendant on April 16, 1999, (Doc. 311) and the judgment entered thereon on April 23, 1999, (Doc. 314) is amended as follows:

    **"The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 168 months as to Count 1 and 168 months as to Count 2, the terms to run concurrent with one another."**

**DONE AND ORDERED** this *31st* day of July, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge